Elaine WALKER, Plaintiff
and Appellant,

v.

HILLTOP IRRIGATION, INC.,
Defendant and Appellee.

No. 16176.

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1989.

Decided May 17, 1989.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant.

Leonard E. Andera, Chamberlain, for defendant and appellee.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

Plaintiff Elaine Walker (Walker) filed a complaint alleging that irrigation pipes, a related service road and electrical power conduits installed by defendants Hilltop Irrigation, Inc. (Hilltop) and Tri–County Electric Association, Inc. (Tri–County)[1] constituted a trespass on her property. Walker sought damages and an injunction to prevent further trespass and to force removal of the offending installations. After a nonjury trial, the circuit court for Brule County issued judgment in favor of Hilltop, as it found no trespass by Hilltop. Walker appeals, alleging that Hilltop was a trespasser because it failed to follow statutory procedures regarding easements and, consequently, she is entitled to damages and an injunction. The injunction, Walker claims, would stop continuing trespass. We reverse, holding that trespass constituting a taking of private property without just compensation took place. Compensation is now to be determined below. Injunction does not lie.

1. Walker's action against Tri–County was dismissed as time-barred, pursuant to SDCL 47–21–79. That decision is not at issue in this appeal.

## FACTS

On October 12, 1973, Walker's husband, Wallace Warner (Warner), purchased 20 acres of State-owned school land at auction for $3,600. The contract of sale, issued by the Office of the Commissioner of School and Public Lands, was not recorded with the Brule County Register of Deeds. In contrast, other adjacent school property sold by auction to other parties was duly recorded. Mr. Warner died on April 28, 1977, having apparently made no use of the property, which then passed to his wife after his death. In the Fall of 1977, Walker visited the property, observed heavy equipment and earth moving activity, but she did not realize that her property was involved. According to Walker's trial testimony, Hilltop "put this huge irrigation system in" to serve a "huge substation" east of her property. Walker later received a patent for the land from the Commissioner of School and Public Lands dated May 21, 1982. Shortly thereafter, Walker secured a building permit for her property.

Both Walker's patent and Warner's original contract for sale contained identical language providing that the State reserved "right of way for irrigation ditches, canals, etc., as provided by SDCL 1967 5-4-2 ... and in any law of the State of South Dakota reserving any rights of any kind in said State or any of its departments, institutions, subdivisions, funds or accounts." SDCL 5-4-2 provides, in pertinent part:

There is also hereby granted to any person holding a valid water right under statutes of this state a right-of-way for the construction of dams, canals, water ditches, and laterals over all school and public land now and hereafter belonging to the state, *when constructed by authority of the commissioner of school and public lands.* All conveyances and contracts of sale of school and public lands shall contain a reservation of such right-of-way. (Emphasis added.)

SDCL ch. 5-4, which contains this statute, is entitled "Administration of School and Public Lands."

In the meantime, Hilltop was organized as an irrigation district, in 1975, under SDCL ch. 46 (water rights). Hilltop developed a plan for irrigation, part of which called for placing underground water pipes, power lines, and a service road across Walker's property. A title search at the Brule County Register of Deeds showed no conveyance from the State, unlike neighboring properties. Hilltop secured easements from the neighboring property owners, but, without notice of the sale of Walker's property, apparently assumed that the State still owned her land. This assumption led to Hilltop's installations, in 1977 or 1978, without acquiring an easement from Walker. No request for an easement was sent to the Commissioner of School and Public Lands, or forwarded from that official to the Governor for signature. Also, Hilltop's easement was not recorded in the Brule County Register of Deeds.

During construction, Walker never protested. She did nothing to prevent the installation of improvements on her property. She showed little interest in the property until she acquired her building permit in 1982 (after receiving her patent which referred to reservation of an irrigation right-of-way). Walker filed her complaint on June 19, 1984, alleging that her property had been diminished in value by $20,000, although the property was never appraised, either before or after Hilltop's construction. She also asserted that "the value of the use of the property since the installation of the lines has been at least $2,000," a reference which apparently is solely rooted in her belief that "[y]ou're supposed to get ten percent value on your money. Ten percent of twenty thousand dollars is two thousand dollars." From 1973 until her 1982 application for a building permit, Walker and her husband made no use of the property. At trial, she testified that she had not seen the lot in three or four years.

## DECISION

■ Walker first argues that Hilltop's construction across her property constitutes a trespass because Hilltop failed to follow statutory procedures to acquire its easement, and, therefore, is a taking of her

property without due process of law or just compensation. *See* U.S. Const. amend. XIV, § 1; S.D. Const. art. VI, §§ 2, and 13. Walker concedes that SDCL 5–4–2 grants a right-of-way for irrigation works on school and public lands, and mandates reservation of such right-of-way in conveyances of such lands, a reservation which is printed in the contract for sale and patent for her property. She stresses, however, that this right-of-way is granted "when constructed by authority of the commissioner of school and public lands." SDCL 5–4–2. SDCL ch. 5–4, entitled "Administration of School and Public Lands," contains procedures to be used regarding such rights-of-way: SDCL 5–4–3 requires filing maps or plats with the commissioner; SDCL 5–4–5 authorizes the commissioner to grant an easement "subject to such reasonable terms, conditions, and regulations as the commissioner may prescribe" when "public highways or section line rights-of-way are impractical for the purposes of the easement." Walker also relies on SDCL ch. 5–2, entitled "State–Owned Lands in General," which contains SDCL 5–2–11:

> Upon application for conveyance of the title, or the granting of an easement of any kind over or across lands in which the title is in the state of South Dakota, the board, commission, or other agency of the state of South Dakota having the control of and administration of such lands shall forward to the commissioner of school and public lands a certified copy of a resolution of the agency requesting the conveyance, stating the consideration and citing the specific authority, if any, authorizing the conveyance. Whereupon, the commissioner shall draw easements or conveyances of the title and submit the same to the Governor for approval; and, if approved by him, such instruments shall be signed by the Governor and attested by the commissioner of school and public lands, who shall cause such conveyance to be recorded in the office of the register of deeds of the county in which said real estate is located. All payments for such land, or easements over or across such lands, shall be paid to the state treasurer, who shall

credit such payments to the general fund of the state of South Dakota, unless such funds are otherwise specifically dedicated by law.

This statute requires a copy of the agency resolution requesting an *"easement of any kind"* to be forwarded to the Commissioner, who shall draw the easements and submit them to the Governor for approval. The last statute Walker invokes is SDCL 46–8–18, contained in the chapter dealing with eminent domain in a water rights context. This statute directs owners of water works which will cross school and public lands to notify the Commissioner of such proposed crossings *prior* to the crossing.

The above statutes all involve the Commissioner, and, with respect to SDCL 5–2–11, the Governor. All were ignored by Hilltop. Walker concludes from this that Hilltop's use of her property was unauthorized trespassing. Hilltop's counter argument is that SDCL ch. 46A–5 (formerly ch. 46–13) grants irrigation districts such rights-of-way without reference to the statutes cited by Walker, on the grounds that terms of a statute relating to a particular subject will prevail over general terms of another statute. *See, e.g., Clem v. City of Yankton*, 83 S.D. 386, 402, 160 N.W.2d 125, 134 (1968). This is a variant of an argument accepted by the majority in *Meyerink v. Northwestern Pub. Serv. Co.*, 391 N.W.2d 180 (S.D.1986). *Meyerink* is distinguishable, however, as, in that case, the general requirement for the Governor's approval of easements (SDCL 5–2–11) was found to be unnecessary because a more specific statute gave such approval authority to the Division of Railroads. Here, we note that SDCL ch. 46A–5 does not stand alone. SDCL 46A–5–1 subjects rights-of-way for irrigation purposes to "the regulation and control of the state in the manner prescribed by law." The manner prescribed for administration of school and public lands and easements or rights-of-way concerning them is set forth in our state statutes. Walker has cited these statutes. These statutes involve the Governor and the Commissioner of School and Public Lands. We therefore conclude that

Hilltop's actions were unauthorized and unlawful, as statutory procedures were not followed. At most, the majority viewpoint in *Meyerink*, if applied here, does away with the necessity of involving the Governor under SDCL 5–2–11, as SDCL ch. 5–4 gives the Commissioner specific authority over construction of irrigation rights-of-way. Our decision in *Meyerink* does not take the Commissioner out of the process.

The trial court agreed with Walker to the extent that its Conclusion of Law No. 4 reflected that Hilltop had failed to seek approval of the Commissioner, but deemed the omission "merely a procedural omission" which "had no effect on Defendant's right to an easement across Plaintiff's property." We do not accept that Hilltop's failure to seek approval of the Commissioner and total disregard of state statutes was only a "procedural omission."

▮▮▮ We first note Article VI, § 13, of the South Dakota Constitution, which prescribes that "[p]rivate property shall not be taken for public use, or damaged, without just compensation...." There is no doubt that Walker was paid nothing for her land. Here, Hilltop constructed a road, pipeline, and electrical cable across Walker's land without payment of any kind. We hold that she is entitled to just compensation for the taking of her property and that the requirements of due process of law must be met. *See* Fifth and Fourteenth Amendments to the United States Constitution. There exists a statutory authority to condemn or purchase for irrigation districts in South Dakota. SDCL 46A–5–6 provides a mechanism to secure Walker just compensation. We direct that the trial court proceed thereunder to effectuate the decision of this Court. Our reversal and remand is in accordance with the spirit of our holding in *La Fleur v. Kolda*, 71 S.D. 162, 168, 22 N.W.2d 741, 744 (1946). Walker failed to complain until several years after completion of the project. She watched the project, while it was underway, and should not be heard to request a permanent injunction. Her request for a permanent injunction is untimely, and we reject her request for removal of Hilltop's encroachment as inequitable under the circumstances of this case. To order Hilltop to uproot these improvements, after Walker watched them constructed and stood idly by without protest, would vault theoretical violation over common sense. Under SDCL 21–8–14, factual circumstances are set forth which permit the grant of a permanent injunction. We believe that under subdivisions 1 and 2 thereof, pecuniary compensation would afford adequate relief and an amount of compensation can be determined to cure the trespass ill occasioned by Hilltop against Walker's property.

Reversed and remanded for further proceedings consistent with this opinion.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

This case and the "trespass" and "resulting damages, if any" are almost entirely caused by Walkers' failure to record their deed in the Brule County Register of Deed's office. If they had recorded their deed to this unoccupied land, that fact would have shown on the abstract and Hilltop Irrigation could have proceeded to obtain its right-of-way for irrigation purposes.

In addition, SDCL 5–4–2 provides in part that:

... any person holding a valid water right under statutes of this state [is granted] a right-of-way for the construction ... over all school and public land now and hereafter belonging to the state, when constructed by authority of the commissioner of school and public lands. All conveyances and contracts of sale of school and public lands shall contain a reservation of such right-of-way.

Apparently, consent to such construction was routinely given by the commissioner of school and public lands. The trial court applied this statute to the facts of this case and stated that Walkers' title was subject to the reservation of a right-of-way for defendant's construction and maintenance

of an irrigation system, i.e., an irrigation and access road. The trial court held:

> Although SDCL 5–4–2 refers to this construction being done with the authorization of the commissioner of school and public lands, it is the court's determination that Defendant's failure to seek authorization from the aforesaid commissioner was merely a procedural omission and had no effect on the Defendant's right to an easement across Plaintiff's property.
>
> Therefore, Plaintiff's request for injunctive relief and/or damages is denied.

For these reasons and because the deed Walkers received contained this reservation of a right-of-way for irrigation, I would affirm the circuit court decision.

If this case is reversed and remanded, as suggested by the majority opinion, damages, if any, should be permitted only to the extent that the construction and placement of the irrigation system and access road was unreasonable or exceeded the norm.